UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-20500-CR-ALTMAN/BECERRA**

CASE NO. _____

18 U.S.C. § 371
18 U.S.C. § 1030(a)(4)
18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1029(a)(2)
18 U.S.C. § 1029(c)(1)(C)
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 982(b)(1)
18 U.S.C. § 1029(c)(2)
18 U.S.C. § 1030(i)

FILED BY ____MP____ D.C.

**Dec 21, 2023**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**UNITED STATES OF AMERICA**

v.

**CARLOS AUGUSTO GUERRERO BLANCO,
ANGELO AGUSTIN COELLO CLEMENTE,
LUIS ALFONSO NOGUERA MARTINEZ,
LUIS EDUARDO RODULFO TORRES, and
ERICK JOSE MORENO RUIZ,**

      **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times material to this Indictment:

1. **CARLOS AUGUSTO GUERRERO BLANCO** was an individual who resided in Miami, Florida.

2. **ANGELO AGUSTIN COELLO CLEMENTE** was an individual who resided in Miami, Florida.

3. **LUIS ALFONSO NOGUERA MARTINEZ** was an individual who resided in Orlando, Florida.

4. **LUIS EDUARDO RODULFO TORRES** was an individual who resided in Miami, Florida.

5. **ERICK JOSE MORENO RUIZ** was an individual who resided in Orlando, Florida.

6. Victim Company 1 was a Florida limited liability company with its principal place of business located in Jackson, New Jersey. Victim Company 1 owned and operated automated teller machines ("ATMs") in the Southern District of Florida and elsewhere.

7. Victim Company 2 was a Florida corporation with its principal place of business located in Altamonte Springs, Florida. Victim Company 2 owned and operated ATMs in the Middle District of Florida and elsewhere.

8. To withdraw money from the ATMs owned and operated by Victim Company 1 and Victim Company 2, a customer would insert their bank card into the ATM and request funds from the ATM computer. The ATM computer would then confirm the customer's authorization to access the account and account-specific information, among other information, and process the transaction, based on the protocols inherent in the system. Upon receiving that information, the ATM computer would send a command to dispense the requested money.

9. "Foreign hardware" includes programmable routers with mass storage capabilities and mini-computers with wireless internet capabilities, also known as "raspberry pis."

## COUNT 1
### Conspiracy to Commit Computer Fraud
### (18 U.S.C. § 371)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From at least as early as in or around December 2018, the exact date being unknown to the Grand Jury, and continuing through on or about June 9, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLOS AUGUSTO GUERRERO BLANCO,
ANGELO AGUSTIN COELLO CLEMENTE,
LUIS ALFONSO NOGUERA MARTINEZ,
LUIS EDUARDO RODULFO TORRES, and
ERICK JOSE MORENO RUIZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to knowingly and with intent to defraud, access a protected computer without authorization, and exceed authorized access to a protected computer, and by means of such conduct further the intended fraud and obtain anything of value, that is, over $5,000 in United States currency, in violation of Title 18, United States Code, Sections 1030(a)(4) and 1030(c)(3)(A).

### PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by: (a) accessing ATMs unlawfully; (b) using foreign hardware, such as, to exploit vulnerabilities in ATMs; (c) manipulating ATMs to approve transactions that would otherwise be denied; (d) causing the ATMs to dispense their cash reserves; and (e) diverting the cash obtained from the ATMs for the defendants' and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things:

4. **ANGELO AGUSTIN COELLO CLEMENTE** physically accessed ATMs owned and operated by Victim Company 1 and Victim Company 2 and placed foreign hardware between each ATM's computer and its dispenser. The foreign hardware used a smart router that had the capability to bypass the ATM's security and encryption checks and identify and alter ATM transactions.

5. **CARLOS AUGUSTO GUERERO BLANCO** controlled the foreign hardware from a remote computer and altered the ATM's transactions, causing denial commands to appear as approval commands to the ATM's dispenser and thereby allowing his co-conspirators to make ATM withdrawals that otherwise would have been denied.

6. **ANGELO AGUSTIN COELLO CLEMENTE, LUIS ALFONSO NOGUERA MARTINEZ, LUIS EDUARDO RODULFO TORRES, ERICK JOSE MORENO RUIZ,** and other co-conspirators then trafficked in and used unauthorized access devices, that is, prepaid gift cards and debit cards obtained with intent to defraud, to withdraw over $100,000 in cash from ATMs owned and operated by Victim Company 1 and Victim Company 2.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object of the conspiracy, the following overt acts, among others, were committed in the Southern District of Florida and elsewhere:

1. On or about December 18, 2018, in Miami, Florida, at approximately 7:10 p.m., **ANGELO AGUSTIN COELLO CLEMENTE** opened the front of an ATM owned and operated

by Victim Company 1 and installed foreign hardware within the ATM, without authorization or consent from Victim Company 1.

2. On or about December 18, 2018, in Miami, Florida, at approximately 7:10 p.m., **LUIS EDUARDO RODULFO TORRES** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #2046 to withdraw cash from an ATM owned and operated by Victim Company 1.

3. On or about December 18, 2018, in Miami, Florida, at approximately 7:26 p.m., **ANGELO AGUSTIN COELLO CLEMENTE** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3637 to withdraw cash from an ATM owned and operated by Victim Company 1.

4. On or about December 19, 2018, in Miami, Florida, at approximately 9:29 a.m., **ANGELO AGUSTIN COELLO CLEMENTE** opened the front of an ATM owned and operated by Victim Company 1 and installed foreign hardware within the ATM, without authorization or consent from Victim Company 1.

5. On or about December 19, 2018, in Miami, Florida, at approximately 9:31 a.m., **ANGELO AGUSTIN COELLO CLEMENTE** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3637 to withdraw cash from an ATM owned and operated by Victim Company 1.

6. On or about December 19, 2018, in Miami, Florida, at approximately 9:44 a.m., **LUIS EDUARDO RODULFO TORRES** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #2046 to withdraw cash from an ATM owned and operated by Victim Company 1.

7. On or about December 20, 2018, at approximately 10:54 a.m., **CARLOS AUGUSTO GUERRERO BLANCO** sent a WhatsApp voice message to **LUIS ALFONSO NOGUERA MARTINEZ** instructing him to activate the foreign hardware used to manipulate ATMs.

8. On or about December 20, 2018, at approximately 10:54 a.m., **LUIS ALFONSO NOGUERA MARTINEZ** sent a WhatsApp text message to **CARLOS AUGUSTO GUERRERO BLANCO** stating that the foreign hardware was connected.

9. On or about December 21, 2018, at approximately 7:02 p.m., **ANGELO AGUSTIN COELLO CLEMENTE** opened the front of an ATM owned and operated by Victim Company 1 and installed foreign hardware within the ATM, without authorization or consent from Victim Company 1.

10. On or about December 21, 2018, in Miami, Florida, at approximately 7:19 p.m., **ANGELO AGUSTIN COELLO CLEMENTE** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3637 to withdraw cash from an ATM owned and operated by Victim Company 1.

11. On or about December 21, 2018, in Miami, Florida, at approximately 8:53 p.m., **ERICK JOSE MORENO RUIZ** falsely and fraudulently used a debit card with an account number ending in #6170 to withdraw cash from an ATM owned and operated by Victim Company 1.

12. On or about December 22, 2018, in Miami, Florida, at approximately 1:24 p.m., **ANGELO AGUSTO COELLO CLEMENTE** opened the front of an ATM owned and operated by Victim Company 1, without authorization or consent from Victim Company 1, and removed foreign hardware that had been installed within the ATM.

13. On or about May 25, 2019, **CARLOS AUGUSTO GUERRERO BLANCO** took possession of foreign hardware used to manipulate ATMs so he could troubleshoot, repair, and test the functionality of that hardware.

14. On or about June 8, 2019, at a meeting organized by a co-conspirator, **CARLOS AUGUSTO GUERRERO BLANCO** disbursed funds for the purpose of testing additional ATMs to determine whether they could be exploited for financial gain.

15. On or about June 9, 2019, **CARLOS AUGUSTO GUERRERO BLANCO** and a co-conspirator participated in a WhatsApp call to discuss test transactions at additional ATMs located in the Middle District of Florida and elsewhere.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**Computer Fraud**
**(18 U.S.C. § 1030(a)(4))**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From at least as early as in or around December 2018, the exact date being unknown to the Grand Jury, and continuing through on or about June 9, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLOS AUGUSTO GUERRERO BLANCO,**
**ANGELO AGUSTIN COELLO CLEMENTE,**
**LUIS ALFONSO NOGUERA MARTINEZ,**
**LUIS EDUARDO RODULFO TORRES, and**
**ERICK JOSE MORENO RUIZ,**

did knowingly and with intent to defraud, access a protected computer without authorization, and exceed authorized access to a protected computer, and by means of such conduct did further the

intended fraud and obtain anything of value, that is, over $5,000 in United States currency, in violation of Title 18, United States Code, Sections 1030(a)(4), 1030(c)(3)(A), and 2.

## COUNT 3
### Conspiracy to Commit Access Device Fraud
### (18 U.S.C. § 1029(b)(2))

1.  The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.  From at least as early as in or around December 2018, the exact date being unknown to the Grand Jury, and continuing through on or about June 9, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLOS AUGUSTO GUERRERO BLANCO,**
**ANGELO AGUSTIN COELLO CLEMENTE,**
**LUIS ALFONSO NOGUERA MARTINEZ,**
**LUIS EDUARDO RODULFO TORRES, and**
**ERICK JOSE MORENO RUIZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit violations of Title 18, United States Code, Section 1029(a)(2), namely, to knowingly, and with the intent to defraud, traffic in and use one or more unauthorized access devices, that is, prepaid gift cards and debit cards obtained with intent to defraud, during any one-year period, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct affecting interstate and foreign commerce.

### ACTS IN FUTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.     On or about December 18, 2018, in Miami, Florida, at approximately 7:24 p.m., **ANGELO AGUSTIN COELLO CLEMENTE** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3637 to withdraw cash from an ATM owned and operated by Victim Company 1.

2.     On or about December 18, 2018, in Miami, Florida, at approximately 8:54 p.m., **LUIS EDUARDO RODULFO TORRES** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3317 to withdraw cash from an ATM owned and operated by Victim Company 1.

3.     On or about December 19, 2018, in Miami, Florida, at approximately 9:31 a.m., **ANGELO AGUSTIN COELLO CLEMENTE** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3637 to withdraw cash from an ATM owned and operated by Victim Company 1.

4.     On or about December 19, 2018, in Miami, Florida, at approximately 9:44 a.m., **LUIS EDUARDO RODULFO TORRES** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #2046 to withdraw cash from an ATM owned and operated by Victim Company 1.

5.     On or about December 21, 2018, in Miami, Florida, at approximately 7:02 p.m., **LUIS EDUARDO RODULFO TORRES** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #2046 to withdraw cash from an ATM owned and operated by Victim Company 1.

6.     On or about December 21, 2018, in Miami, Florida, at approximately 7:05 p.m., **LUIS ALFONSO NOGUERA MARTINEZ** falsely and fraudulently used an American Express

prepaid gift card with an account number ending in #2046 to withdraw cash from an ATM owned and operated by Victim Company 1.

7. On or about December 21, 2018, in Miami, Florida, at approximately 7:19 p.m., **ANGELO AGUSTIN COELLO CLEMENTE** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3637 to withdraw cash from an ATM owned and operated by Victim Company 1.

8. On or about December 21, 2018, in Miami, Florida, at approximately 8:53 p.m., **ERICK JOSE MORENO RUIZ** falsely and fraudulently used a debit card with an account number ending in #6170 to withdraw cash from an ATM owned and operated by Victim Company 1.

9. On or about December 22, 2018, in Miami, Florida, at approximately 12:01 a.m., **LUIS ALFONSO NOGUERA MARTINEZ** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #2046 to withdraw cash from an ATM owned and operated by Victim Company 1.

10. On or about December 22, 2018, in Miami, Florida, at approximately 9:18 a.m., **ANGELO AGUSTIN COELLO CLEMENTE** falsely and fraudulently used an American Express prepaid gift card with an account number ending in #3637 to withdraw cash from an ATM owned and operated by Victim Company 1.

11. On or about December 22, 2018, in Miami, Florida, at approximately 12:33 p.m., **LUIS EDUARDO RODULFO TORRES** falsely and fraudulently used an American Express prepaid gift card with an account number ending in # 9080 to withdraw cash from an ATM owned and operated by Victim Company 1.

12. On or about December 28, 2018, in Orlando, Florida, **LUIS ALFONSO NOGUERA MARTINEZ** possessed an American Express prepaid gift card with an account number ending #9080.

13. On or about December 28, 2018, in Orlando, Florida, **LUIS EDUARDO RODULFO TORRES** possessed an American Express prepaid gift card with an account number ending #2046.

14. On or about December 28, 2018, in Orlando, Florida, **ANGELO AGUSTIN COELLO CLEMENTE** possessed an American Express prepaid gift card with an account number ending #3637.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 4
### Access Device Fraud
### (18 U.S.C. § 1029(a)(2))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From at least as early as in or around December 2018, the exact date being unknown to the Grand Jury, and continuing through on or about June 9, 2019, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLOS AUGUSTO GUERRERO BLANCO,
ANGELO AGUSTIN COELLO CLEMENTE,
LUIS ALFONSO NOGUERA MARTINEZ,
LUIS EDUARDO RODULFO TORRES, and
ERICK JOSE MORENO RUIZ,**

did knowingly, and with intent to defraud, traffic in and use one or more unauthorized access devices, that is, prepaid gift cards and debit cards obtained with intent to defraud, and by such conduct did obtain anything of value aggregating $1,000 or more during that period, said conduct

11

affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **CARLOS AUGUSTO GUERRERO BLANCO, ANGELO AGUSTIN COELLO CLEMENTE, LUIS ALFONSO NOGUERA MARTINEZ, LUIS EDUARDO RODULFO TORRES**, and **ERICK JOSE MORENO RUIZ,** have an interest.

2. Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Sections 1030 or 1029, as alleged in this Indictment, the defendants shall forfeit to the United States: (a) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense, pursuant to Title 18 United States Code, Section 982(a)(2)(B) and 1030(i)(1)(B); and (b) any personal property used, or intended to be used, to commit such offense, pursuant to Title 18, United States Code, Sections 1029(c)(1)(C) and 1030(i)(1)(A).

[SPACE INTENTIONALLY LEFT BLANK]

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 1029(c)(1)(C), and 1030(i), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Sections 982(b)(1), 1029(c)(2), and 1030(i)(2).

A TRUE BILL

███████████

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
JACOB KOFFSKY
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

Carlos A. Guerrero Blanco, et al.,

_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 6-7 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    ☐ 0 to 5 days
   II   ☒ 6 to 10 days
   III  ☐ 11 to 20 days
   IV   ☐ 21 to 60 days
   V    ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Jacob Koffsky
Assistant United States Attorney
FL Bar No.   1018115

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: CARLOS AUGUSTO GUERRERO BLANCO

**Case No**: _____

Count #: 1

Conspiracy to Commit Computer Fraud

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Computer Fraud

Title 18, United States Code, Section 1030(a)(4)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: ANGELO AGUSTIN COELLO CLEMENTE

**Case No**: _____

Count #: 1

Conspiracy to Commit Computer Fraud

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Computer Fraud

Title 18, United States Code, Section 1030(a)(4)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: LUIS ALFONSO NOGUERA MARTINEZ

**Case No**: _____

Count #: 1

Conspiracy to Commit Computer Fraud

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Computer Fraud

Title 18, United States Code, Section 1030(a)(4)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: LUIS EDUARDO RODULFO TORRES

**Case No**: _____

Count #: 1

Conspiracy to Commit Computer Fraud

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Computer Fraud

Title 18, United States Code, Section 1030(a)(4)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: ERICK JOSE MORENO RUIZ

**Case No**: _____

Count #: 1

Conspiracy to Commit Computer Fraud

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 2

Computer Fraud

Title 18, United States Code, Section 1030(a)(4)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 3

Conspiracy to Commit Access Device Fraud

Title 18, United States Code, Section 1029(b)(2)
* **Max. Term of Imprisonment:** 5 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 4

Access Device Fraud

Title 18, United States Code, Section 1029(a)(2)
* **Max. Term of Imprisonment:** 10 years
* **Max. Term of Supervised Release:** 3 years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.